Nick Casper (State Bar No. 244637)
**CASPER, MEADOWS, SCHWARTZ & COOK**
A Professional Corporation
2121 North California Blvd., Suite 1020
Walnut Creek, California  94596
Telephone:  (925) 947-1147
Facsimile:   (925) 947-1131

Attorneys for Plaintiff
GUILLERMO SOLIS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO SOLIS,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF VALLEJO; VALLEJO POLICE CHIEF JOSEPH KREINS, individually and in his official capacity; VALLEJO POLICE OFFICER JOSH CAITHAM, individually; COUNTY OF SOLANO; SOLANO COUNTY SHERIFF THOMAS A. FERRARA, individually and in his official capacity; and DOES 1 through 20,<br><br>    Defendants. | CASE NO.:<br><br>**COMPLAINT**<br>**(Violation of Civil Rights)**<br><br>**DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

1.  This is an action for money damages brought by GUILLERMO SOLIS ("Plaintiff") pursuant to Title 42, United States Code §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and the common law of the State of California, against the CITY OF VALLEJO, Vallejo Police Chief JOSEPH KREINS, Vallejo Police Officer JOSH CAITHAM, COUNTY OF SOLANO, SOLANO COUNTY SHERIFF THOMAS A. FERRARA, and DOES 1 through 20. The actions and failures to act which this Complaint alleges were committed by Vallejo Police Department and Solano County Sheriff's Department personnel acting under color of law within the course and scope of their employment with the CITY OF VALLEJO or COUNTY OF SOLANO.

---

*Solis v. City of Vallejo, et al.*                                                                                                    Page 1
COMPLAINT

## JURISDICTION AND VENUE

2. The Complaint seeks remedies pursuant to 42 U.S.C. Code §§ 1983 and 1988. Jurisdiction is conferred upon the United States District Court by 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

3. The actions giving rise to Defendants' liability as alleged in this Complaint occurred in the City of Vallejo in the County of Solano, State of California. Venue is therefore proper in the Sacramento Court of this District Court pursuant to 28 U.S.C. § 1391(b), and Local Rule 120(d).

## JURY TRIAL DEMAND

4. Plaintiff hereby demands a jury trial in this action.

## IDENTIFICATION OF PARTIES

5. At all times material to this Complaint, Plaintiff was a resident of Vallejo, California, in the County of Solano, and was of full age.

6. At all times material to this Complaint, Defendant CITY OF VALLEJO was a public entity, duly organized and existing under the laws of the State of California, and is a "person" under 42 U.S.C. § 1983. Defendant CITY OF VALLEJO includes the Vallejo Police Department ("VPD").

7. At all times material to this Complaint, VPD was supervised, controlled and staffed by Defendant CITY OF VALLEJO, its officers, agents and employees. At all times material to this Complaint, the individually-named Defendants acted within the course and scope of their employment with CITY OF VALLEJO, which caused the harm of which Plaintiff complains.

8. At the time of the alleged constitutional and state tort violations suffered by Plaintiff, Defendant JOSEPH KREINS ("CHIEF KREINS") was the Chief of Police of VPD and the chief policymaker for the CITY OF VALLEJO responsible for hiring, training, and supervising VPD Officers and making policies governing seizures, detentions, and the use of force by VPD Officers. Defendant JOSEPH KREINS was the moving force behind the alleged unconstitutional actions of Defendants which Plaintiff alleges in this Complaint. At all times

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Solis v. City of Vallejo, et al.*  Page 2
COMPLAINT

material to this Complaint, CHIEF KREINS was acting under color of law and within the course and scope of his employment with CITY OF VALLEJO. He is sued in his individual and official capacities.

9. At all times material to this Complaint, Defendant JOSH CAITHAM ("OFFICER CAITHAM") was a police officer employed by VPD acting under color of law and within the course and scope of his employment with CITY OF VALLEJO. OFFICER CAITHAM is sued in his individual capacity.

10. At all times material to this Complaint, Defendant COUNTY OF SOLANO was a public entity, duly organized and existing under the laws of the State of California, and is a "person" under 42 U.S.C. § 1983. Defendant COUNTY OF SOLANO includes the Solano County Sheriff's Department ("Solano Sheriff's Department").

11. At all times material to this Complaint, Solano Sheriff's Department was supervised, controlled and staffed by Defendant COUNTY OF SOLANO, its officers, agents and employees. At all times material to this Complaint, the individually-named Defendants acted within the course and scope of their employment with COUNTY OF SOLANO, which caused the harm of which Plaintiff complains.

12. At the time of the alleged constitutional and state tort violations suffered by Plaintiff, Defendant THOMAS A. FERRARA ("SHERIFF FERRARA") was the Solano County Sheriff and the chief policymaker for SOLANO COUNTY responsible for hiring, training, and supervising Solano Sheriff's Deputies and making policies governing seizures, detentions, and the use of force by Solano Sheriff's Deputies. Defendant SHERIFF FERRARA was the moving force behind the alleged unconstitutional actions of Defendants which Plaintiff alleges in this Complaint. At all times material to this Complaint, SHERIFF FERRARA was acting under color of law and within the course and scope of his employment with COUNTY OF SOLANO. He is sued in his individual and official capacities.

13. Plaintiff is ignorant of the true names and capacities of Defendant DOES 1 through 20, and therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each DOE Defendant is responsible in some manner for

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Solis v. City of Vallejo, et al.* Page 3
COMPLAINT

1  the injuries and damages suffered by Plaintiff as described in this Complaint. Plaintiff will
2  amend his Complaint to state the true names and capacities of Defendant DOES 1 through 20
3  when they have been ascertained. Any reference in this Complaint to "Defendant,"
4  "Defendants," or to an individually-named Defendant, also refers to Defendant DOES 1
5  through 20. These Defendants are sued in their official and individual capacities.

6  14. Each Defendant sued in this Complaint acted as the agent or employee of every
7  other Defendant.

## FACTS GIVING RISE TO THE COMPLAINT

9  15. Plaintiff Guillermo Solis is a custodian at the Fairmont Hotel in San Francisco,
10 California, where he has worked since the mid-1990's. At the time of the events underlying
11 this Complaint, Plaintiff was 55 years old, was 5'6" tall, and weighed approximately 165
12 pounds.

13 16. At all times relevant to the allegations contained in this Complaint, Plaintiff resided
14 at 414 Grant Street in Vallejo, California, along with his wife, his children, and members of
15 another family.

16 17. The large home was subdivided, and Plaintiff rented a unit in the rear of the
17 property to Alejandro Guizar. Mr. Guizar's unit was accessible only by walking to the rear of
18 the property, up a flight of stairs, and through a separate front door. Mr. Guizar's unit was not
19 accessible through the front entrance of the home, where Plaintiff resided with his family.

20 18. On March 12, 2013, at approximately 3:15 p.m., VPD and Solano Sheriff's
21 Department conducted a joint operation involving a probation check of Mr. Guizar.

22 19. Plaintiff is informed and believes that there had been prior probation checks of Mr.
23 Guizar while he resided at 414 Grant Street, and that VPD Officers and Solano Sheriff's
24 Deputies who participated in the probation check on March 12, 2013 knew or should have
25 known that Mr. Guizar resided in a rear unit of the property with a separate entrance to the
26 main home.

27 20. VPD Officers and Solano Sheriff's Deputies, including VPD OFFICER CAITHAM,
28 broke down Plaintiff's front door with a battering ram.

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Solis v. City of Vallejo, et al.*                                                                                   Page 4
COMPLAINT

21. VPD Officers and Solano Sheriff's Deputies entered Plaintiff's home with guns drawn, pointing weapons at Plaintiff's family members and handcuffing several of the male residents.

22. At the time that the officers breached the front door, Plaintiff was sleeping in his bedroom, adjacent to the front door. At the time of the incident, Plaintiff was working graveyard shifts at the Fairmont Hotel as a custodian, thus was sleeping before that evening's work shift.

23. VPD Officers and Solano Sheriff's Deputies barged through Plaintiff's bedroom door while pointing guns at Plaintiff, grabbed Plaintiff from his bed, and carried him in his underwear into the living room.

24. VPD Officers and Solano Sheriff's Deputies slammed Plaintiff to the living room floor, causing Plaintiff to strike his head on the hardwood floor. VPD Officers and Solano Sheriff's Deputies proceeded to handcuff Plaintiff and place him in a chair in the living room, along with other members of the household. Plaintiff remained in his underwear throughout the incident.

25. While Plaintiff and other house members were detained in the living room, VPD Officers and Solano Sheriff's Deputies confirmed that the probationer, Mr. Guizar, neither lived in the main home, nor was present in his unit in the rear of the property.

26. As a result of the head injury that he sustained after VPD Officers and Solano Sheriff's Deputies slammed him to the ground, Plaintiff began going into visible medical distress.

27. VPD Officers and Solano Sheriff's Deputies were dismissive of Plaintiff's clear medical distress, mocking him and accusing him of faking his symptoms. Officers and Deputies brought over a trash can for Plaintiff to vomit into while he remained in handcuffs.

28. Eventually, an ambulance was called for Plaintiff, where he was transported to Kaiser Vallejo, and then to Kaiser North Valley Sacramento, where he was diagnosed with head trauma.

29. Plaintiff remained at Kaiser North Valley Sacramento for over a week, where he

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX: (925) 947-1131

*Solis v. City of Vallejo, et al.*
COMPLAINT
Page 5

1  was treated for a significant brain injury.

## DAMAGES

30. As a direct and proximate result of the conduct of Defendants, and each of them, Plaintiff suffered violations of his rights protected by, among other enactments, the Fourth Amendment to the United States Constitution; by Article 1, § 13 of the California Constitution; and by California Civil Code §§ 52 and 52.1.

31. Plaintiff suffered physical injuries, past and future medical expenses, past and future wage loss, and severe emotional distress.

32. Through the acts and omissions of Defendants acting within the course and scope of their employment with CITY OF VALLEJO and COUNTY OF SOLANO, Plaintiff also suffered the violation of his constitutional rights and the loss of his sense of security, dignity, and pride as a citizen and resident of the United States of America.

33. Those individually-named Defendants, including, but not limited to, OFFICER CAITHAM, who participated in the police action that resulted in Plaintiff's grievous injuries acted with malice and oppression. These Defendants' conduct was intended to harm Plaintiff, or was despicable and carried out with a conscious disregard of Plaintiff's rights or safety. Plaintiff therefore is entitled to recover exemplary damages from those Defendants.

34. Plaintiff has retained attorneys and investigators to pursue his rights as asserted in this Complaint. Plaintiff is entitled to an award of reasonable attorneys' fees incurred in the prosecution of this action against Defendants pursuant to 42 U.S.C. § 1988.

### FIRST CLAIM FOR RELIEF
### 42 U.S.C. § 1983 – Fourth Amendment
### (Against Individually-Named Defendants, and DOES 1 through 20)

35. Plaintiff realleges and incorporates by reference paragraphs 1 through 34 as though fully set forth in this claim for relief.

36. The actions of the individual Defendants, including OFFICER CAITHAM and DOES 1 through 20, acted under color of law in violating Plaintiff's rights protected by the Fourth Amendment to the United States Constitution. These actions included, but were not limited to, entering Plaintiff's home without a warrant and without exigent circumstances;

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX: (925) 947-1131

*Solis v. City of Vallejo, et al.*
COMPLAINT
Page 6

pointing firearms at Plaintiff, in his own home, while he was cooperating with officer commands; detaining Plaintiff without requisite cause; and using unreasonable, unjustified, and/or excessive force. As a direct and proximate result of Defendants' actions and omissions, Plaintiff was deprived of his rights and privileges under the Fourth Amendment to the United States Constitution.

37. Those individually-named Defendants, including OFFICER CAITHAM and DOES 1 through 20, who participated in, or were otherwise responsible for, the incident at Plaintiff's home acted with malice and oppression. These Defendants' conduct was intended to harm Plaintiff or was despicable and carried out with a conscious disregard of Plaintiff's rights or safety. Plaintiff therefore is entitled to recover exemplary damages from those defendants.

WHEREFORE, Plaintiff seeks relief as set forth below.

**SECOND CLAIM FOR RELIEF**
**42 U.S.C. § 1983 – Supervisory**
**(Against CHIEF KREINS, SHERIFF FERRARA,**
**and DOES 1 through 20)**

38. Plaintiff realleges and incorporates by reference paragraphs 1 through 37 as though fully set forth in this claim for relief.

39. Plaintiff claims damages for the injuries set forth above under 42 U.S.C. § 1983 against Defendants CHIEF KREINS, SHERIFF FERRARA, and Does 1 through 20 who had supervisory authority over the VPD Officers and Solano Sheriff's Deputies who violated Plaintiff's rights granted under the Fourth Amendment to the United States Constitution.

40. At all times relevant to this Complaint, it was obvious that CHIEF KREINS, SHERIFF FERRARA, and Does 1 through 20 must properly train VPD Officers and Solano Sheriff's Deputies to refrain from violating the Fourth Amendment rights of residents, and that such training must include, in part, the requirements not to enter a private residence without a warrant and without exigent circumstances; not to point firearms at residents, in their own home, and who are cooperating with officer commands; not to detain residents without requisite cause; and not to use unreasonable, unjustified, and/or excessive force.

41. At all times relevant to this Complaint, it was obvious that the failure to provide

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Solis v. City of Vallejo, et al.*  Page 7
COMPLAINT

1  such training, as set forth above, would result in violations of the Fourth Amendment to the
2  United States Constitution.

3  42. At all times relevant to this Complaint, it was obvious that the failure to provide
4  such training reflected a deliberate indifference to the protection of the rights guaranteed by
5  the Fourth Amendment to the United States Constitution.

6  43. The failures by CHIEF KREINS, SHERIFF FERRARA, and Does 1 through 20,
7  acting through their policymakers and agents, to properly train VPD Officers and Solano
8  Sheriff's Deputies, to refrain from committing violations of the Fourth Amendment to the United
9  States Constitution proximately caused the alleged unconstitutional actions of VPD Officers
10 and Solano Sheriff's Deputies which Plaintiff alleges in this Complaint.

11 44. As a direct and proximate result of the policies, practices, acts and omissions of
12 Defendants CHIEF KREINS, SHERIFF FERRARA, and Does 1 through 20, Plaintiff sustained
13 harm and the special and general damages which Plaintiff will establish at trial.

14 WHEREFORE, Plaintiff seeks relief as set forth below.

### THIRD CLAIM FOR RELIEF
### 42 U.S.C. § 1983 – Monell
### (Against CITY OF VALLEJO, CHIEF KREINS, COUNTY OF SOLANO, SHERIFF FERRARA, and DOES 1 through 20)

45. Plaintiff realleges and incorporates by reference paragraphs 1 through 44 as though fully set forth in this claim for relief.

46. At all times relevant to this Complaint, it was the policy, practice and custom of CITY OF VALLEJO, CHIEF KREINS, COUNTY OF SOLANO, SHERIFF FERRARA, and DOES 1 through 20, acting through their policymakers and agents, to violate the Fourth Amendment to the Constitution as described in this Complaint.  Those violations which constituted the policy of CITY OF VALLEJO, CHIEF KREINS, COUNTY OF SOLANO, SHERIFF FERRARA, and DOES 1 through 20, included, but were not limited to, entering private residences without a warrant and without exigent circumstances; pointing firearms at residents, in their own home, and who were cooperating with officer commands; detaining residents without the requisite cause; and using unreasonable, unjustified, and/or excessive

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Solis v. City of Vallejo, et al.*
COMPLAINT
Page 8

force. The failure of CITY OF VALLEJO, CHIEF KREINS, COUNTY OF SOLANO, SHERIFF FERRARA, and DOES 1 through 20, and to those they delegated to make and enforce CITY OF VALLEJO and COUNTY OF SOLANO policy, to discipline OFFICER CAITHAM, and any other responsible VPD and Solano Sheriff's Department employees, who violated Plaintiff's Fourth Amendment rights ratified that unconstitutional conduct and further confirmed that the violation of Plaintiff's rights represented CITY OF VALLEJO and COUNTY OF SOLANO policy.

47. The policies, practices and customs of CITY OF VALLEJO, CHIEF KREINS, COUNTY OF SOLANO, SHERIFF FERRARA, and DOES 1 through 20, were the moving forces behind the violation of Plaintiff's rights protected by the Fourth Amendment to the United States Constitution.

48. At all times relevant to this Complaint, the policies, practices and customs developed and maintained by CITY OF VALLEJO, CHIEF KREINS, COUNTY OF SOLANO, SHERIFF FERRARA, and DOES 1 through 20, reflected a deliberate indifference to the protection of the rights guaranteed by the Fourth Amendment to the United States Constitution.

WHEREFORE, Plaintiff seeks relief as set forth below.

**FOURTH CLAIM FOR RELIEF**
**Assault**
**(Against All Defendants)**

49. Plaintiff realleges and incorporates by reference paragraphs 1 through 48 of this Complaint as though fully set forth in this claim for relief.

50. On September 11, 2013, CITY OF VALLEJO received the government claim Plaintiff timely filed pursuant to the provisions of the California Tort Claims Act, California Government Code §§ 910 et seq. CITY OF VALLEJO denied the claim by letter on September 23, 2013.

51. On September 11, 2013, COUNTY OF SOLANO received the government claim Plaintiff timely filed pursuant to the provisions of the California Tort Claims Act, California Government Code §§ 910 et seq. COUNTY OF SOLANO denied the claim by letter on

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Solis v. City of Vallejo, et al.* Page 9
COMPLAINT

September 30, 2013.

52. The individual CITY OF VALLEJO and COUNTY OF SOLANO employees committed their alleged actions in the course and scope of their employment. The employees are liable pursuant to California Government Code § 820.1(a), which renders a public employee liable for injury caused by his or her act or omission to the same extent as a private person. CITY OF VALLEJO and COUNTY of SOLANO are liable pursuant to Government Code § 815.2, which renders a public entity liable for injury proximately caused by an act or omission of an employee of a public entity within the scope of his or her employment if the act or omission would give rise to a cause of action against the public employee.

53. On March 12, 2013, Defendants, and each of them, intended to harm or come into offensive contact with Plaintiff.

54. Plaintiff reasonably apprehended that Defendants were about to touch him in a harmful or offensive manner.

55. Defendants also threatened to touch Plaintiff in a harmful or offensive manner and Plaintiff reasonably apprehended that each Defendant was about to carry out that threat.

56. Plaintiff did not consent to the conduct of any of the Defendants and were harmed thereby.

57. The actions of these Defendants, and each of them, was a substantial factor in causing Plaintiff to sustain harm and the special and general damages which Plaintiff will establish at trial.

WHEREFORE, Plaintiff seeks relief as set forth below.

**FIFTH CLAIM FOR RELIEF**
**Battery**
**(Against All Defendants)**

58. Plaintiff realleges and incorporates by reference paragraphs 1 through 57 of this Complaint as though fully set forth in this claim for relief.

59. On March 12, 2013, Defendants, and each of them, touched Plaintiff, or caused Plaintiff to be touched with the intent of harming or offending Plaintiff.

60. Plaintiff did not consent to the conduct of any of the Defendants.

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX: (925) 947-1131

*Solis v. City of Vallejo, et al.*　　　　　　　　　　　　　　　　　　　　　　　　　　Page 10
COMPLAINT

61. Plaintiff was harmed by Defendants' conduct.

62. A reasonable person in Plaintiff's situation would have been offended by the conduct of Defendants.

63. The actions of these Defendants, and each of them, was a substantial factor in causing Plaintiff to sustain harm and the special and general damages which Plaintiff will establish at trial.

WHEREFORE, Plaintiff seeks relief as set forth below.

### SIXTH CLAIM FOR RELIEF
### False Arrest and Illegal Imprisonment
### (Against All Defendants)

64. Plaintiff realleges and incorporates by reference paragraphs 1 through 63 of this Complaint as though fully set forth in this claim for relief.

65. On March 12, 2013, Defendants, and each of them, arrested Plaintiff without process and prohibited Plaintiff from moving freely.

66. Defendants deprived Plaintiff of this freedom of movement by use of force, threats of force, and unreasonable duress.

67. Plaintiff did not consent to his false arrest and false imprisonment and was harmed thereby.

68. The actions of these Defendants, and each of them, was a substantial factor in causing Plaintiff to sustain harm and the special and general damages which Plaintiff will establish at trial.

WHEREFORE, Plaintiff seeks relief as set forth below.

### SEVENTH CLAIM FOR RELIEF
### Intentional Infliction of Emotional Distress
### (Against All Defendants)

69. Plaintiff realleges and incorporates by reference paragraphs 1 through 68 of this Complaint as though fully set forth in this claim for relief.

70. On March 12, 2013, Defendants, and each of them, either engaged in outrageous conduct intended to cause Plaintiff emotional distress, or acted with reckless disregard of the probability that Plaintiff would suffer emotional distress

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX: (925) 947-1131

*Solis v. City of Vallejo, et al.*
COMPLAINT
Page 11

71. Plaintiff suffered severe emotional distress.

72. Each Defendant's conduct was a substantial factor in causing the alleged severe emotional distress.

WHEREFORE, Plaintiff seeks relief as set forth below.

**EIGHTH CLAIM FOR RELIEF**
**Negligence**
**(Against All Defendants)**

73. Plaintiff realleges and incorporates by reference paragraphs 1 through 72 of this Complaint as though fully set forth in this claim for relief.

74. On March 12, 2013, Defendants, and each of them, were negligent in doing the acts alleged in this Complaint.

75. Plaintiff was injured as a result of that negligence.

76. As a proximate result of that negligence, Plaintiff suffered damages, physical injuries and severe emotional distress.

77. The actions of these Defendants, and each of them, was a substantial factor in causing Plaintiff to sustain harm and the special and general damages which Plaintiff will establish at trial.

WHEREFORE, Plaintiff seeks relief as set forth below.

**NINTH CLAIM FOR RELIEF**
**TRESPASS**
**(Against All Defendants)**

78. Plaintiff realleges and incorporates by reference paragraphs 1 through 77 of this Complaint as though fully set forth in this claim for relief.

79. On March 12, 2013, Plaintiff was the lawful resident and occupant of the private dwelling located at 414 Grant Street in Vallejo, California.

80. On March 12, 2013, Defendants, and each of them, acting without a warrant issued by a magistrate and without prior approval from Plaintiff, intentionally, recklessly or negligently entered Plaintiff's dwelling located at 414 Grant Street in Vallejo, California.

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Solis v. City of Vallejo, et al.*　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 12
COMPLAINT

81. The actions of these Defendants, and each of them, was a substantial factor in causing Plaintiff to sustain harm and the special and general damages which Plaintiff will establish at trial.

**TENTH CLAIM FOR RELIEF**
**CALIFORNIA CIVIL CODE §§ 52, 52.1**
**(Against All Defendants)**

82. Plaintiff realleges and incorporates by reference paragraphs 1 through 81 of this Complaint as though fully set forth in this claim for relief.

83. On March 12, 2013, Defendants, and each of them, using threats, coercion and intimidation, interfered with and threatened to interfere with Plaintiff's rights guaranteed by the Fourth Amendment to the United States Constitution, and Art. 1, § 13 of the California Constitution

84. The actions of these Defendants, and each of them, was a substantial factor in causing Plaintiff to sustain harm and the special and general damages which Plaintiff will establish at trial.

85. Those individually-named Defendants, including, but not limited to, OFFICER CAITHAM, who participated in the police action that resulted in Plaintiff's grievous injuries acted with malice and oppression. These Defendants' conduct was intended to harm Plaintiff, or was despicable and carried out with a conscious disregard of Plaintiff's rights or safety. Plaintiff therefore is entitled to recover exemplary damages from those Defendants. Defendants' conduct also subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights. Plaintiff is entitled to such statutory damages and attorney's fees allowed by California Civil Code §§ 52, and 52.1(b).

WHEREFORE, Plaintiff prays for relief as follows:

1. For special damages, according to proof;
2. For general damages, according to proof;
3. For punitive damages against all individually-named Defendants;
4. For statutory damages pursuant to California Civil Code §§ 52 and 52.1;
5. For reasonable attorney's fees pursuant to 42 U.S.C. § 1988 on Plaintiff's First,

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

Second and Third Claims for Relief;

6. For reasonable attorney's fees pursuant to California Civil Code §§ 52 and 52.1 on Plaintiffs' Tenth Claim for Relief;

7. For prejudgment interest pursuant to Civil Code § 3288, or as otherwise permitted by law;

8. For costs of suit incurred herein; and

9. For such other and further relief as the court may deem just and proper.

Dated: February 13, 2014                    /s/ - "Nick Casper"
                                            Nick Casper
                                            **CASPER, MEADOWS, SCHWARTZ & COOK**
                                            Attorneys for Plaintiff
                                            GUILLERMO SOLIS

**CASPER, MEADOWS, SCHWARTZ & COOK**
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Solis v. City of Vallejo, et al.*                                                                 Page 14
COMPLAINT